CULPEPPER, Judge.
The plaintiff, Jerdie Thigpen, filed this suit for damages for personal injuries. He was struck by a vehicle driven by one Walter Goos, whose liability insurer is the ' defendant, National Union Fire Insurance Company. Marquette Casualty Company intervened to recover $245 representing workmen’s compensation benefits paid the plaintiff as a result of the accident. Dudley A. Guglieimo, Commissioner of Insurance for the State of Louisiana, was later substituted for Marquette as intervenor, he being its liquidator. Lake Charles Ready Mix Concrete Company, employer of plaintiff at the time of the accident, also intervened to recover $857.98 in workmen’s compensation benefits paid by it after Marquette’s orders of rehabilitation and liquidation.
The District Judge awarded plaintiff damages in the sum of $2,938.02; the claim of the intervenor, Lake Charles Ready Mix Concrete Company, Inc. was recognized; *171 but the claim of the intervenor, Dudley A. Guglielmo, acting as liquidator of Marquette Casualty Company, was denied. The only party appealing is the liquidator.
The sole issue on appeal is the correctness of the lower court’s denial of the intervention of Dudley A. Guglielmo, as liquidator of Marquette Casualty Company.
The facts are that Jerdie Thigpen was injured on about November 27, 1964, while working as a truck driver for Lake Charles Ready Mix Concrete Company. As workmen’s compensation insurer, Marquette Casualty Company, a domestic insurance corporation, paid benefits through January 17, 1965, totaling $245. On January 25, 1965, an order was issued in the Nineteenth Judicial District Court for the Parish of East Baton Rouge placing Marquette Casualty Company in rehabilitation and naming Dudley A. Guglielmo, Commissioner of Insurance, State of Louisiana, as rehabilitator. The present tort action was filed by Jerdie Thigpen on August 6, 1965. The rehabilitation of Marquette failed and, on August 16, 1965, an order was issued in the Nineteenth Judicial District Court placing Marquette in liquidation and appointing Guglielmo as liquidator. The intervention in the present suit was originally filed on October 15, 1965, in the name of Marquette Casualty Company, but was amended to substitute Guglielmo as the intervenor.
LSA-R.S. 22:733-22:757 regulate the rehabilitation or liquidation of domestic insurers in this State. LSA-R.S. 22:735 provides for an order of rehabilitation or liquidation “directing the commissioner of insurance to take possession of the property, business and affairs of such insurer and to rehabilitate or liquidate the same as the case may be. * * * The commissioner of insurance and his successor and successors in office shall be vested by operation of law with the title to all property, contracts and rights of action of the insurer as of the date of the order directing rehabilitation or liquidation.”
LSA-R.S. 22:737 reads in pertinent part as follows:
“Upon the entry of an order directing liquidation, the commissioner of insurance shall immediately proceed to liquidate the property, business and affairs of the insurer. He is hereby authorized to deal with the property and business of the insurer in his name as commissioner of insurance, or, if the court shall so order, in the name of the insurer.”
LSA-C.C.P. Article 693 provides in pertinent part:
“The receiver appointed by a court of this state for a domestic insurer is the proper plaintiff to sue to enforce a right of the domestic insurer, or of its receiver.”
Under these statutory provisions, the liquidator had not only the right, but the duty, to marshall all of Marquette’s assets, including its right of action, LSA-R.S. 23:-1102-1103, for workmen’s compensation payments which it had paid to Jerdie Thigpen.
The District Judge apparently felt that, as a matter of equity, the liquidator for Marquette should not be allowed to use his court to seek reimbursement for a claim which it had paid under one of its policies, when this same court cannot also entertain . suits against Marquette by its own creditors. In his written opinion, the trial judge . stated:
“If this Court cannot render judgment against Marquette for liabilities incurred prior to its receivership, I still do not believe this Court should be used to reimburse Marquette for partial performance of its obligations arising prior to the receivership.”
Our answer to this argument is that the statutes controlling the liquidation of domestic insurers are controlling. These statutes, cited above, unquestionably give the liquidator the right to file this intervention and collect this claim.
*172 For the reasons assigned, the judgment appealed is reversed insofar as it denies the intervention of the liquidator for Marquette • Casualty Company. It is now ordered, adjudged and decreed that there be judgment herein in favor of the intervenor, Dudley A. Guglielmo, as liquidator for Marquette Casualty Company, and against the defendant, National Union Fire Insurance Company, for the sum of $245, together with legal interest at the rate of 5% per annum from August 6, 1965, until paid; the said sum to be paid by preference over Jerdie Thigpen .and to be taken from the amount of the judgment rendered in his favor in these proceedings. All costs of this intervention, in the lower court as well as the costs of this appeal, are assessed against the plaintiff, Jerdie Thigpen.
.Reversed in part and rendered.